## Andrew Jordon v. The Spalding Lumber Co.

1. QUESTIONS OF FACT—*Are for the Jury.*—Where a litigation involves questions of fact alone, and there is evidence to sustain the finding, the verdict will stand.

Assumpsit, for merchandise sold and delivered. Trial in the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

TIPTON & TIPTON and S. A. CRANSTON, attorneys for appellant.

SAMPLE & MORRISSEY and H. L. PHILLIPS, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit instituted by the appellant against the appellees in the Circuit Court of Ford County, where a trial by jury was had, a verdict rendered

for the appellees upon which judgment was entered, and the appellant brings the case to this court by appeal and insists upon a reversal of that judgment upon the grounds, (1) that the verdict is against the evidence; (2) that the court ruled erroneously on the evidence; and (3) that the court ruled erroneously on the instructions to the jury.

The declaration charges that the appellee sold to the appellant a large quantity of "Acme Plaster," to wit, 200 sacks, for the price of, to wit, fifty cents per sack, for the purpose of plastering a house then being constructed by the appellant for a homestead; and then averred that the plaster which the appellees sold to the appellant was agreed by the appellees to be fit and suitable to be used in properly plastering said house; nevertheless the appellees, under said contract of sale, delivered to the appellant plaster, to wit, 200 sacks, which was not suitable to be used on his house because it was not good merchantable plaster, but of an inferior character and adulterated with other substances, and was not ".Acme Plaster;" and being put on the house, made a poor and unsatisfactory job, which damaged the house.

The appellees interposed a plea of general issue, upon which the appellant joined. The evidence disclosed that the appellees kept, in the city of Gibson, a lumber yard, and sold lime and plaster. In June, 1897, the appellant was about to construct a dwelling house in Gibson, and applied to the appellees to purchase the lumber and other materials they sold, to construct the house. On that day he did purchase from the appellees the lumber therefor, which amounted to $865; and at the same time the parties entered into a contract in writing as follows:

"GIBSON CITY, FORD COUNTY, ILL., June 23, 1897.

I hereby agree to buy what lime and cement will be needed in the erection of my house, of the Spalding Lumber Company, at the following prices:

Lump Lime ........................ 80c a barrel.
Ground Lime...................... 85c a barrel.
Cement........................... $1.25 a barrel.

Cement in sacks.....................40c a sack.
Acme Plaster.................. 65c per hundred.

ANDREW JORDAN.

This agreement accepted.

SPALDING LUMBER COMPANY."

Under this written contract the appellees, in September, 1897, delivered to appellant 131 sacks of "Acme Plaster," which was used by appellant in plastering his house during the latter part of September and a part of October; the weather being then very dry, the plaster, after it was on, dried very quickly, was spotted in color and at many places was crumbly and soft, so that it was not satisfactory.

The evidence tended strongly to show that the reason the plastering was spotted in color, in places crumbly and soft, was because the "Acme Plaster" purchased and delivered was not properly mixed or put on, and that it was permitted to dry too quickly; in short, that the men mixing and putting on the plaster did not do it properly, which was the only reason why the job was not satisfactory; and that the 131 sacks of "Acme Plaster" sold and delivered was good, merchantable plaster, genuine, good quality, unadulterated, or in any manner injured, and well adapted to and a proper material for plastering a dwelling house.

It will be seen, therefore, that it became a question of fact whether the damages complained of by the appellant were caused by reason of the "Acme Plaster" sold and delivered being impure, not of the kind agreed to be sold, or not suited for plastering the house; or was it occasioned by reason alone of the improper manner the plaster was mixed and put on by the servants of the appellant? This question was settled by the jury against the contention of the appellant; and upon examination of the evidence, as contained in the record before us, we must say, the jury settled it correctly in accordance with the preponderance of the evidence.

The complaint made by counsel for the appellant that the rulings of the trial court on the evidence were prejudicial to the appellant, are not borne out by the record, but it does

show that the court neither admitted nor excluded any evidence which could have prejudiced the appellant's rights before the jury.

· We have examined the instructions given and refused by the court, of which complaint is. made, and are satisfied no prejudicial error was made by the Circuit Court in its rulings on these.

This record shows that substantial justice has been done the parties, and for that reason we affirm the judgment rendered. Judgment affirmed.